IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SYLVESTER WRIGHT, JR.   PLAINTIFF

VS.   CIVIL ACTION NO. 3:12cv370-FKB

TYRONE LEWIS, et al.   DEFENDANTS

## **ORDER**

Sylvester Wright, Jr. is a pretrial detainee at the Hinds County Detention Center (HCDC). Plaintiff brought this action pursuant to § 1983 against detention center officials alleging that he received inadequate medical treatment for injuries suffered in a fall. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned. Having considered the complaint and Plaintiff's testimony at the hearing, the Court concludes that this action should be dismissed for failure to state a claim.

Plaintiff's allegations are as follows. On May 6, 2012, he fell in the shower, hitting his mouth. He suffered a chipped tooth, trauma to a second tooth, a swollen mouth, and bleeding of the lower lip. After the fall, prison officials delayed for approximately an hour and a half before taking Wright to the medical clinic. When Plaintiff finally was seen by the clinic nurse, the nurse refused to send him to the hospital. Her only treatment of his injuries was to put ointment on Plaintiff's lip and give him ibuprofen. About three weeks later, Plaintiff was seen by a dentist, who extracted the two injured teeth.

A pretrial detainee has a due process right to receive reasonable medical care. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). The right is equivalent to the

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Eight Amendment right enjoyed by prisoners. *Id.* Thus, a pretrial detainee seeking to recover for a denial of reasonable medical care must allege deliberate indifference to serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a plaintiff must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). Plaintiff's allegations fall far short of this standard. Plaintiff suffered a relatively minor injury for which he received treatment. He has made no showing of deliberate indifference.

For this reason, Plaintiff's claims are hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate judgment will be entered.

So ordered and adjudged, this the 10th day of January, 2012.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE